IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LONNIE ADRIAN WEST, | )    Case No. _____ |
|      Plaintiff, | ) |
| | )    Judge |
| v. | ) |
| | )    Removed from the Circuit Court for |
| U.S.F. HOLLAND, INC., | )    Davidson County, Tennessee |
| | )    (Case No. 14C500) |
|      Defendant. | ) |
| | ) |

## NOTICE OF REMOVAL

Defendant, USF Holland Inc., d/b/a Holland ("Holland"), pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, through its undersigned counsel, respectfully submits this Notice of Removal for the purpose of removing the above-captioned action from the Circuit Court for Davidson County, Tennessee, at Nashville, to the United States District Court for the Middle District of Tennessee, Nashville Division. As grounds for this Notice of Removal, Holland states as follows:

1.      On February 3, 2014, Plaintiff, Lonnie Adrian West (the "Plaintiff"), filed a Complaint (the "Complaint") commencing the action styled LONNIE ADRIAN WEST v. U.S.F. HOLLAND, INC., in the Circuit Court for Davidson County, Tennessee, at Nashville, Case No.14C500. A copy of the Summons and Complaint Holland received is collectively attached hereto and marked **Exhibit A**.

2.      Defendant Holland was served with process on March 4, 2014, a date less than thirty (30) days before the filing of this Notice of Removal.

3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court by Holland pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

4.      This action is removable on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  Plaintiff is a resident and citizen of Tennessee.  Defendant Holland is a Michigan corporation with its principal place of business[1] in Holland, Michigan.

5.      In addition to attorney's fees and costs, liquidated and punitive damages, pre-judgment interest, front pay, and other relief for which Plaintiff prays, Plaintiff seeks monetary relief in the amount of seven hundred fifty thousand dollars ($750,000.00) as compensatory and other damages, including but not limited to, damages for pain and suffering, humiliation and embarrassment, back pay, interest on back pay, lost benefits, injury to character and personal injury.  Thus, it is without question that the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C.§ 1332(a).  Based upon the foregoing, this action is subject to removal pursuant to 28 U.S.C. § 1441.

6.      Specifically, section 1441(a) specifies that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending."  Thus, this action is properly removable.

7.      This lawsuit has also been properly removed to this district court as 28 U.S.C. § 1446(a) specifies that the notice of removal shall be filed in the district court of the

---

[1] The "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

United States for the district and division within which such action is pending. Pursuant to 28 U.S.C. § 123(b)(1), this district and division encompasses Davidson County, where the action was pending prior to removal.

8.    Pursuant to 28 U.S.C. § 1446(d), Holland will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court for Davidson County, Tennessee, with a copy to be served on Plaintiff's counsel.   A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

By removing this action to this Court, Holland does not waive any defenses, objections or motions available to it under state and federal law.

WHEREFORE, Defendant Holland, pursuant to 28 U.S.C. §§ 1441 and 1446 respectfully submits, based upon the allegations set forth in this Notice of Removal, that this action is properly removed and requests that this Court retain jurisdiction over this action.

Respectfully submitted,

William S. Rutchow, TN #017183
Jennifer S. Rusie, TN #026009
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446
Telephone:  615.254.1900
Facsimile:  615.254.1908

Attorneys for Defendant U.S.F. Holland, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of April 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system and via U.S. Mail, postage pre-paid upon the following:

Ann Buntin Steiner, Esq.
Steiner & Steiner
613 Woodland St.
Nashville, TN 37206

17297810.1