# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

LONNIE WEST

Plaintiff

Vs.

U.S.F. HOLLAND, INC.

Agent for Service of Process: CT Corporation System

800 S. Gay Street, Ste. 2021

Knoxville, TN 37929-9710

Defendant

CIVIL ACTION DOCKET NO. 14C500

**Method of Service:**

☐ Davidson County Sheriff
☒ Out of County Sheriff #4643 Knox
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

01√L

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 2-3-14

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____ Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Ann Buntin Steiner |
|---|---|
| | 613 Woodland Street |
| | Address |
| | Nashville, TN 37206 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this 9 day of Feb, 2014

W C Bryant #B1864
SHERIFF

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

EXHIBIT A

# RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of MAR 0 4 2014 , 20_____, I:

[✓] served this summons and complaint/petition on _____

Lindsey Cupp

USF Holland Inc.                                                                in the following manner:

[ ] failed to serve this summons within 90 days after its issuance because _____

_____W C Bryant / #B1864_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20_____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____D.C.

LONNIE ADRIAN WEST, )
)
    Plaintiff, )
)
v. ) No. 14C500
)
) JURY DEMAND (6)
U.S.F. HOLLAND, INC., )
)
    Defendant. )
)

## COMPLAINT

Comes the Plaintiff, Lonnie Adrian West, and would state unto this Honorable Court as follows:

1. Plaintiff, Lonnie West brings this action under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et. seq.* and § 4-21-301 *et. seq.*, and Tenn. Code Ann. § 4-21-401 *et. seq.* for retaliation, and under the Tennessee Whistleblower Act §50-1-304.

2. Defendant, U.S.F. Holland, Inc., is a Michigan trucking company with a terminal in Nashville, Davidson County, Tennessee. Agent for service of process is CT Corporation System, 800 S Gay Street, Ste. 2021, Knoxville, TN 37929-9710.

3. Plaintiff, Lonnie Adrian West, has worked for the Defendant as a supervisor since 2004. Plaintiff is an African American.

4. From 2000 to 2007, co-workers of Plaintiff, Bobby Bailey and Robert O. Smith, were subjected to a hostile work environment based upon their race. White employees would address them as "boy", "damn it boy" and other variations of those terms. Bailey and Smith found nooses on the company premises and were victims of acts of vandalism. When Bailey and

Smith complained of being called boy, the co-workers would then state to them "damn it boy". Bailey was told by a co-worker that there were two kinds of boys, cowboys and colored boys. Thereafter, a flyer appeared depicting a white person and a black person wrestling for a basketball, and on the white player was written the name of a white employee and on the black player was written "The Boy". On the calendar at work on Martin Luther King Day, someone had written the word "boy".

5. Bailey and Smith sued for discrimination and hostile work environment under both Title VII and the Tennessee Human Rights Act.

6. On February 8, 2007, a Federal District Judge found Defendant had discriminated against Bailey and Smith and had created a hostile work environment based upon their race. Damages of $350,000.00 apiece were assessed against Defendant. On Defendant's appeal, the Sixth Circuit Court of Appeals affirmed this judgment.

7. Even after a federal district court found Defendant had allowed a hostile work environment to exist, Defendant continued to allow this racially hostile environment to exist.

8. Another employee, Hassell, and some other co-workers continued to harass Bailey by openly, and sometimes sneakily, whistling at him in the same manner you would whistle at a dog. Robert Smith overheard Hassell state to several co-workers that "if they couldn't call them boys, then he would whistle in their presence as if to say "here boy, here boy" like calling a dog". Both Bailey and Smith were very stressed and grew very weary of the whole situation. Bailey complained to the Plant Manager, Anthony Nelson, and Plaintiff, Lonnie Adrian West, of these actions. Smith told Plaintiff, Lonnie Adrian West, of these actions.

9. In 2011, several white co-workers called Smith "punk", "punk boy" and "Oboyma". On August 5, 2011, Smith reported these incidents to the Terminal Manager, Doug

Morris. One day later, Doug Morris told Smith he met with these employees and went over company policy. No other action was taken.

10. A few months later, around May 2012, Bailey approached Hassell and asked him to stop picking with him after which a heated argument ensued. The workers then parted ways. Bailey then went to Plaintiff, Lonnie Adrian West, who was his supervisor, and told him about the altercation and that Hassell was hiding behind boxes close to him and whistling boy. Plaintiff immediately informed his supervisor and began an investigation into this allegation. On May 24, 2012, Hassell was brought into the operation manager's office with Plaintiff, a union steward, and the operations manager, Terry Knight. Knight asked Hassell if he said anything out of the ordinary to Bailey. Hassell then asked "how do you whistle boy?" Lonnie Adrian West then told Hassell of the allegations of Bailey and Hassell became very agitated and said "get that black bastard down here". When Plaintiff advised him he could not state this, Hassell stated it again. Plaintiff and Terry Knight went to inform the terminal manager involved and the decision was made to terminate Hassell.

11. In his unemployment hearing, Hassell admitted he referred to Bailey as a black bastard.

12. The day after the termination, Bailey's work locker was vandalized.

13. On May 6, 2012, the Teamsters Local Union 480 filed a grievance on behalf of Hassell protesting his discharge.

14. The company agreed with the union to "get this thing put away as soon as possible".

15. On December 12, 2012, the grievance was heard by the Joint Area Grievance Committee. USF Holland only supported its case with e-mails. No signed statements were

3

submitted. Plaintiff was not asked to testify.

16. On December 12, 2013, the grievance committee reinstated Hassel.

17. On February 5, 2013, Plaintiff, Lonnie West, was terminated. Plaintiff West believes he was fired in retaliation for reporting the racial remarks, and whistling of Hassell, and due to his participation in the termination of Hassell, and his participation in the investigation of the discrimination claims of Bailey and Smith.

18. Defendant claims it fired West for his method of dealing with a work related injury. Plaintiff West would assert he properly told the employee to call his department to report the injury.

## CAUSES OF ACTION

19. Plaintiff would state that he was discharged solely for refusing to remain silent about and his refusal to participate in illegal activities being engaged in by the Defendant in violation of Tenn. Code Ann. §50-1-304.

20. Plaintiff would state the Defendant engaged in retaliation in violation of the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-101 *et seq.* and § 4-21-301 *et seq.*

**WHEREFORE, PLAINTIFF PRAYS:**

1. That Plaintiff be granted judgments against the Defendants for $750,000.00 for compensatory and other damages suffered by them including but not limited to, damages for pain and suffering, humiliation and embarrassment, back pay, interest on back pay, lost benefits, injury to character and personal injury.

2. That Plaintiff, Lonnie Adrian West, be ordered reinstated or front pay in lieu thereof, with all accumulated salary rights and benefits as if continuously employed.

4

3. Plaintiff further prays for both liquidated and punitive damages, and for pre-judgment interest, attorney's fees, litigation costs, and the cost of this cause.

4. Plaintiff prays for a jury of six to try this cause.

5. Plaintiff prays for such other further relief as may be necessary or appropriate.

Respectfully submitted,

_____
Ann Buntin Steiner    #11697
Steiner & Steiner
613 Woodland St.
Nashville, TN 37206
615) 244-5063
*Attorney for Plaintiff, Lonnie Adrian West*

5